UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 22-cr-150 (DWF/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Alberto Chavez-Torres, | |
| Defendant. | |

---

Thomas M. Hollenhorst, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Shannon R. Elkins, Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415 (for Defendant).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following pretrial motions filed by Defendant Alberto Chavez-Torres:

1. Pretrial Motion for Disclosure of 404 Evidence, ECF No. 17;

2. Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, ECF No. 18;

3. Pretrial Motion for Discovery and Inspection, ECF No. 19;

4. Pretrial Motion to Provide Grand Jury Testimony of Any Witness Who Will Testify at Suppression Hearing, ECF No. 20; and

5. Motion for Early Disclosure of Jencks Act Material, ECF No. 21.

The Government also filed a Motion for Discovery, ECF No. 4.

A hearing was held on March 3, 2023. ECF No. 30. Assistant United States Attorney Thomas M. Hollenhorst appeared on behalf of the Government. Attorney

1

Shannon R. Elkins appeared on behalf of Defendant. Based upon the record, memoranda, and oral arguments, **IT IS HEREBY ORDERED** as follows:

1.Defendant's Pretrial Motion for Disclosure of 404 Evidence, ECF No. 17, is **GRANTED IN PART and DENIED IN PART**.

Defendant requests that the Government "immediately disclose any 'bad act' or 'similar course of conduct' evidence it intends to offer at trial pursuant to Rule 404 of the Federal Rules of Evidence." ECF No. 17. The Government responds that it will comply fully with its obligations under Rule 404. Gov't's Resp., ECF No. 24 at 1. The Government states that it will disclose any Rule 404(b) evidence within three weeks of trial. *Id*.

Rule 404(b) requires the Government to provide reasonable written notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A) (prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"), (C) (in writing). The Government is required to "articulate in the notice the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B).

"Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d

1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Rule 404(b) does not require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16." Fed. R. Evid. 404(b) advisory committee's notes, 1991 Amendments; *see United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013); *United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971); *see also United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial.").

In this case, the Court finds that disclosing 404(b) evidence three weeks prior to trial provides reasonable notice. As such, no later than three weeks prior to trial, the Government shall provide reasonable written notice of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Rule 404(b), articulating "the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). Defendant's motion is otherwise denied. If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery. *See* Fed. R. Evid. 404(b)(3)(C).

2.     Defendant's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, ECF No. 18, is **GRANTED IN PART and DENIED IN PART**.

Defendant seeks disclosure of evidence favorable to him under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. ECF No. 18 at 1. The Government responds that it will comply fully with its discovery obligations under *Brady*, *Giglio*, and their progeny, and disclose any evidence "helpful" to Defendant. Gov't's Resp. at 2.

"The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment." *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing *Brady*, 373 U.S. at 87). Further, "[t]he [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *see also United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)). "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing

4

*United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Nevertheless, "[a] federal criminal defendant generally has no right to know about government witnesses prior to trial." *Polk*, 715 F.3d at 249 (quotation omitted); *see Hamilton*, 452 F.2d at 479 ("The request for statements of witnesses not to be called at trial is merely another way of determining whether the co-conspirators named in the indictment would be witnesses at trial, . . . [and] the identity of witnesses is information the government is not normally required to supply to the criminal defendant." (quotation omitted)); *United States v. Wisman*, No. 4:06CR0036 DJS/TCM, 2006 WL 587601, at *2 (E.D. Mo. Mar. 9, 2006) ("The statements of a non-witness are not discoverable.").

Defendant's motion is granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act and Federal Rule of Criminal Procedure 26.2 materials. If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery.

To the extent Defendant seeks discovery and disclosures outside the Government's obligations under these authorities or seeks materials that have already been produced, such request is denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery."). Further, to the extent Defendant seeks the statements of non-testifying witnesses not otherwise

encompassed within the Government's disclosure obligations, these requests are likewise denied. *See Hamilton*, 452 F.2d at 479; *Wisman*, 2006 WL 587601, at *2.

      3.      Defendant's Pretrial Motion for Discovery and Inspection, ECF No. 19, is **GRANTED IN PART and DENIED IN PART**.

Defendant generally seeks materials subject to disclosure under Rule 16(a)(1)(A) through (G) of the Federal Rules of Criminal Procedure. *See generally* ECF No. 19. This includes expert witness disclosures. *Id.* at 2 (citing Fed. R. Evid. 702, 703, & 705). The Government responds that it has provided disclosures and will continue to comply with its discovery obligations. Gov't's Resp. at 2.

Defendant's motion is granted to the extent that responsive information subject to disclosure under Rule 16(a)(1)(A) though (F) remains in the Government's control and has not yet been produced. Defendant's motion is further granted in part to the extent his discovery requests seek discovery and disclosures ordered produced elsewhere in this Order or that the Government is otherwise obligated to disclose by law.

While the Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Rule 16(c), any responsive information or material subject to disclosure under Rule 16(a)(1)(A) through (F) that subsequently comes into the Government's possession, knowledge, or control shall be produced in a timely fashion.

To the extent Defendant seeks information or materials outside the Government's disclosure obligations under Rule 16(a)(1)(A) through (F) or that have already been produced, his motion is denied. *See Johnson*, 228 F.3d at 924.

4. Defendant's Pretrial Motion to Provide Grand Jury Testimony of Any Witness Who Will Testify at Suppression Hearing, ECF No. 20, is **DENIED AS MOOT IN PART and DENIED IN PART**.

Defendant moves "for an Order requiring the Government to provide the Grand Jury testimony of any witness who will testify at the suppression hearing." ECF No. 20. The Government responds that it will provide the defense with the grand jury transcripts of any witnesses who will testify at the suppression hearing provided that such transcripts are returned to the Government at the conclusion of the hearing. Gov't's Resp. at 2.

At the hearing, defense counsel confirmed that the Government had provided a copy of the grand jury transcript but had asked that it be returned at the conclusion of the hearing. Defense counsel argued that she should be permitted to keep a copy and share it with Defendant.

Defendant's motion is denied as moot insofar as the parties represented that the Government provided defense counsel a copy of the grand jury transcript in this case. The motion is otherwise denied. There is a "long established policy that maintains the secrecy of the grand jury proceedings in the federal courts." *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 681 (1958) (citations omitted). A defendant must allege a "particularized need" with support for the records and may not seek them merely as a fishing expedition. *See United States v. Warren*, 16 F.3d 247, 253 (8th Cir. 1994) (citation omitted). Defendant has offered no justification for the disclosure of grand jury transcripts. Therefore, the Court concludes that Defendant has not shown a particularized need for the grand jury transcripts.

7

5.     Defendant's Motion for Early Disclosure of Jencks Act Material, ECF No. 21, is **DENIED**.

Defendant seeks early disclosure of Jencks Act materials, requesting that such materials be disclosed at least two weeks before trial. ECF No. 21 at 1. While the Government objects to any Court-ordered early disclosure, the Government states that it will voluntarily disclose Jencks Act material no later than three business days before trial. Gov't's Resp. at 2.

By its terms,

> [t]he Jencks Act does not compel the government to produce a statement or report of a government witness until after the witness has testified on direct examination, after which the defendant may move for the production of any statements in the government's possession made by that witness relating to the subject matter of his testimony.

*United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998); *see* 18 U.S.C. § 3500(b). "Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so." *Green*, 151 F.3d at 1115 (quotation omitted); *accord United States v. Wilson*, 102 F.3d 968, 971-72 (8th Cir. 1996). Defendant's request for early disclosure of Jencks Act materials is therefore denied. While the Court is not ordering the Government to disclose Jencks Act materials early, the Court encourages the parties to disclose such materials no less than three days before trial as proposed by the Government.

6.     The Government's Motion for Discovery, ECF No. 4, is **GRANTED**.

The Government's motion seeks discovery available under Federal Rules of

Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2, as well as the establishment of deadlines for the disclosure of expert witnesses. *See generally* ECF No. 4. The Government proposes that principal experts be disclosed 30 days before trial and rebuttal experts be disclosed 10 days prior to trial. *Id*. at 2.

At the criminal motions hearing, the parties agreed to disclose principal experts no later than 30 days before trial and rebuttal experts no later than 10 days before trial.

The Court grants the Government's motion. Consistent with the parties' agreement, no later than 30 days before trial, the parties shall make their principal expert disclosures, and no later than 10 days before trial, the parties shall make any rebuttal expert disclosures. *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).

7. All prior consistent orders remain in full force and effect.

8. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: May   22  , 2023               *s/Tony N. Leung*
                                      Tony N. Leung
                                      United States Magistrate Judge
                                      District of Minnesota


                                      *United States v. Chavez-Torres*
                                      Case No. 22-cr-150 (DWF/TNL)