UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 22-150 (DWF/TNL) |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| Alberto Chavez-Torres, | |
| Defendant. | |

## INTRODUCTION

Defendant Alberto Chavez-Torres moves to suppress statements, admissions, and answers. (Doc. No. 22.) In a Report and Recommendation ("R&R"), Magistrate Judge Tony N. Leung recommended that Chavez-Torres's motion be denied in part and denied as moot in part. (Doc. No. 40.) Chavez-Torres filed an objection to the R&R (Doc. No. 43), and the United States of America (the "Government") responded (Doc. No. 44). After an independent review of the record and objection, the Court adopts the Magistrate Judge's R&R in its entirety.

## DISCUSSION

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The relevant factual and procedural background for the above-entitled matter is clearly and precisely set forth in the Magistrate Judge's R&R and is incorporated by reference. (*See* Doc. No. 40 at 2-15.)

In the R&R, the Magistrate Judge concluded that Chavez-Torres was not in custody when he was questioned by Trooper Mains prior to the dog sniff alert and thus his statements need not be suppressed. Because the Government represented that it would not use statements that Chavez-Torres made after the dog sniff alert, the Magistrate Judge denied Chavez-Torres's motion to suppress those statements as moot. And lastly, the Magistrate Judge concluded that Chavez-Torres made a voluntary, knowing, and intelligent waiver of his *Miranda* rights before his interrogation at the Scott County Jail and thus his motion to suppress the statements he made to Special Agent Gerten should be denied.

Chavez-Torres objects to the Magistrate Judge's findings. First, he argues that he was in custody when he was questioned by Trooper Mains prior to the dog sniff and thus those statements should be suppressed. Second, he asserts that the statements he made during the custodial interrogation at the Scott County Jail "amounted to a 'question-first' stratagem, such that the second statement was derivative fruits of the first unlawful one." (Doc. No. 43 at 11.) And lastly, he asserts an independent basis for suppressing the statements he made during his custodial interrogation. Namely, he argues that the Government failed to sufficiently prove that he waived his *Miranda* rights prior to the interrogation. The Court addresses each objection in turn below.

"The basic rule of *Miranda* is that an individual must be advised of the right to be free from compulsory self-incrimination, and the right to the assistance of an attorney, any time a person is taken into custody for questioning." *United States v. Griffin*, 922 F.2d 1343, 1347 (8th Cir. 1990). Accordingly, *Miranda* warnings must be given

2

"whenever a suspect is (1) interrogated (2) while in custody." *Id.* In determining whether a defendant was in custody at the time of questioning, the Court considers a number of factors:

> (1) whether the suspect was informed at the time of questioning that the questioning was voluntary, that the suspect was free to leave or request the officers to do so, or that the suspect was not considered under arrest; (2) whether the suspect possessed unrestrained freedom of movement during questioning; (3) whether the suspect initiated contact with authorities or voluntarily acquiesced to official requests to respond to questions; (4) whether strong arm tactics or deceptive stratagems were employed during questioning; (5) whether the atmosphere of the questioning was police dominated; or, (6) whether the suspect was placed under arrest at the termination of the questioning.

*Id.* at 1349.

The first three factors are "mitigating factors," meaning that "the affirmative presence of one or more of these factors during questioning would tend to mitigate the existence of custody." *Id.* And the last three factors are "coercive factors," and the "presence of one or more of these factors during questioning would tend to aggravate the existence of custody." *Id.*

In this case, Chavez-Torres was not informed that he was free to leave. But as the R&R notes, an officer's failure to inform a suspect that he is free to leave does not alone establish that the suspect was in custody. (Doc. No. 40 at 18.) Moreover, Trooper Mains did not tell Chavez-Torres that he was under arrest or that the officer wanted to arrest him. And while Chavez-Torres argues that the stop was pretextual, that does not change the Court's analysis of this factor, as Trooper Mains "never communicated his intention

3

to [the defendant]. A policeman's unarticulated plan has no bearing on the question whether a suspect was 'in custody.'" *Berkemer v. McCarty*, 468 U.S. 420, 442 (1984).

As for the second factor, the Court agrees with the R&R's conclusion that it is unclear whether Chavez-Torres "possessed unrestrained freedom of movement during questioning," because he never attempted to leave. (Doc. No. 40 at 20.) Still, the R&R notes that Chavez-Torres was not "constrained to the degree associated with a formal arrest." (*Id.* (quoting *United State v. Soderman*, 983 F.3d 369, 377 (8th Cir. 2020).) The Court agrees. This is especially true given that Chavez-Torres "was neither handcuffed nor forced to sit in the back seat." *Soderman*, 983 F.3d at 377.

The third factor is whether the defendant initiated the contact with the officer or voluntarily acquiesced to the officer's questions. Although Chavez-Torres did not initiate contact with Trooper Mains, he did voluntarily acquiesce to the questions. The record indicates that Chavez-Torres was friendly with Trooper Mains and cooperative during the questioning. (*See* Doc. No. 40 at 22-23.)

The Court further agrees with the Magistrate Judge's analysis of the fourth and fifth factors. Trooper Mains did not use strong-arm tactics, nor is there evidence that his demeanor was authoritative or intimidating. Moreover, Trooper Mains did not show his weapon or "use any deceptive stratagems, such as the good-cop, bad-cop routine." (*Id.* at 25.) Trooper Mains was the only officer to ask questions, and the conversation was short and relaxed. And again, while Chavez-Torres asserts that the stop was pretextual, there is no evidence that Chavez-Torres knew that fact during the questioning. Finally,

although Chavez-Torres was placed under arrest at the termination of the questioning, this factor is not dispositive.

The Court therefore agrees with the Magistrate Judge's analysis of the totality of the circumstances and concludes that Chavez-Torres was not in custody during his questioning prior to the dog sniff alert. Given this conclusion, the Court need not address Chavez-Torres's argument that the statements he made at the Scott County Jail were derivative fruits of the first interrogation. Moreover, the Government has indicated that it will not introduce Chavez-Torres's statements following the dog sniff alert, and thus his motion to suppress those statements is denied as moot.

Lastly, Chavez-Torres argues that the Government failed to sufficiently prove that he waived his *Miranda* rights prior to the interrogation at the Scott County Jail. A defendant may waive his or her *Miranda* rights so long as the waiver is voluntary, knowing, and intelligent. *United States v. Gallardo*, 495 F.3d 982, 990 (8th Cir. 2007). The Court considers the totality of the circumstances to determine whether the waiver was "the product of a free and deliberate choice" and "made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Moran v. Burbine*, 475 U.S. 412, 421 (1986).

In this case, the Magistrate Judge found nothing in the record to indicate that Special Agent Gerten or Officer Dahmes coerced Chavez-Torrez into waiving his *Miranda* rights. Additionally, the Magistrate Judge concluded that Chavez-Torres's waiver was knowing and intelligent. A Spanish interpreter was used during the interview to communicate with Chavez-Torres. Although there was no recording of the interview,

5

Special Agent Gerten testified that she read Chavez-Torres his *Miranda* rights, and he stated that he understood his rights and was still willing to answer some questions. Moreover, while Special Agent Gerten did not have Chavez-Torres sign a written *Miranda* waiver, "a waiver can be made orally or in writing." *United States v. Duran*, 109 F. Supp. 3d 1093, 1104 (citing *United States v. Zamarripa*, 544 F.2d 978, 981 (8th Cir. 1976)). Other than asserting that the Government failed to establish that the waiver was voluntary, knowing, and intelligent, Chavez-Torres offers no evidence to refute Special Agent Gerten's testimony. Overall, the Court agrees with the Magistrate Judge that Chavez-Torres waived his *Miranda* rights prior to his questioning at the Scott County Jail and the wavier was voluntary, knowing, and intelligent. Thus, the Court denies his motion to suppress the statements he made during that interrogation.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Chavez-Torres's objection (Doc. No. [43]) to Magistrate Judge Tony N. Leung's May 22, 2023, Report and Recommendation is **OVERRULED**.

2. Magistrate Judge Tony N. Leung's May 22, 2023, Report and Recommendation (Doc. No. [40]) is **ADOPTED**.

3. Chavez-Torres's motion to suppress statements, admissions, and answers (Doc. No. [22]) is **DENIED IN PART** and **DENIED AS MOOT IN PART** as follows:

      a.      Chavez-Torres's motion to suppress statements he made to Trooper Mains before the drug detection canine alerted to the presence of narcotics on September 18, 2019, is **DENIED**.

      b.      Chavez-Torres's motion to suppress statements he made to Trooper Mains after the drug detection canine alerted to the presence of narcotics on September 18, 2019, is **DENIED AS MOOT**.

      c.      Chavez-Torres's motion to suppress statements he made to Special Agent Gerten and Officer Dahmes at the Scott County Jail on September 19, 2019, is **DENIED**.

Dated: July 25, 2023

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge